[Dkt. No. 120]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MAUREEN HORAN and DENNIS VACHON,<br><br>    Plaintiffs,<br><br>        v.<br><br>DILBET, INC. d/b/a WINDRIFT HOTEL RESORT,<br><br>    Defendant. | Civil Action No. 12-2273<br><br>**MEMORANDUM ORDER** |

    This matter comes before the Court upon Defendant Dilbet, Inc.'s ("Defendant" or "Windrift") Motion in Limine to Dismiss Plaintiffs' Amended Complaint. [Dkt. No. 120]. Plaintiffs Maureen Horan and Dennis Vachon ("Plaintiffs") oppose the motion. Because the Court writes only for the parties, it will set forth only a brief background of the case.

    Initially, the Court notes that the motion is labelled by Defendant as a motion to dismiss. In practical terms, and as made obvious by the copious evidentiary exhibits attached to Defendants' motion papers, it is a second motion for summary judgment. On August 26, 2015, this Court denied Defendant's motion for summary judgment, allowing the case to proceed on a limited basis: that if the Plaintiffs were able to present evidence that the clams at issue contained Vibrio in an amount

1

less than the infective dosage level - evidence that Plaintiffs' expert Dr. James D. Oliver identified – then the question of Defendant Windrift's unsanitary conditions that Plaintiffs allege increased Plaintiff's risk of infection would be relevant to the jury's consideration.  Op. at 42-50 [Dkt. No. 86].

In opposition to the within motion, Plaintiffs assert that this Court imposed an impossible "but for" causation standard.  This is not so.  The parties agreed that the Vibrio bacterium occurs naturally in clams.  They also agreed that the average healthy person is completely resistant to infection from Vibrio.  Nevertheless, a person who suffers from hemochromatosis, like Plaintiff, has an 800 percent greater chance of acquiring an infection than an average consumer.  Plaintiffs have conceded that they cannot prove – in fact, it is impossible to prove – that there was an infectious dose of Vibrio in the clams Ms. Horan ate because the clams have been consumed.  Thus, they contend that the Court imposed an impossible "but for" burden of proof.

Plaintiffs continue to misread the Court's ruling.  The Court initially denied summary judgment because, based on the testimony of the experts, there was sufficient (however, slim) evidence to put before the jury that, the clams that were delivered to Windrift either contained no Vibrio (highly unlikely) or levels below the infective dosage level of 100-300

organisms (more likely given the water temperatures at the time, the season, and location of harvesting).  If Plaintiffs presented such evidence, then the conduct of Windrift regarding its alleged unsanitary conditions likely increased, <u>i.e.</u> was a "contributing factor" in, Plaintiff Maureen Horan's risk of injury and would be relevant for the jury's consideration. Thus, in so holding, the Court imposed on Plaintiffs the burden to prove an <u>increased</u> risk of harm on the part of Defendant Windrift.  To state it differently, if Plaintiffs failed to prove that the delivered clams contained no Vibrio or less than the infective dosages, then Plaintiffs could not prove that Windrift's conduct added to the risk of harm.

The parties' experts agreed that there is no way to determine the Vibrio count in the delivered clams consumed by Plaintiff.  Plaintiffs' expert, Dr. Oliver, however, testified that there was a way to prove that the clams did not contain such a count, <u>i.e.</u>, by analyzing water temperature, season, etc. That was at the summary judgment stage of the case.  Now, on the eve of trial, Plaintiffs concede that they are not able to present such testimony.  Again, although such evidence is possible, as Dr. Oliver testified, Plaintiffs have not presented such evidence.  That being the case, as Plaintiffs concede that there is no such evidence to present to the jury, barring the procedure set forth below, the Court will likely grant

3

Defendant's motion to dismiss the case consistent with the above reasoning.

Because the motion is styled as a motion to dismiss, but is actually for all intents and purposes, a motion for summary judgment, the Court cannot grant summary judgment absent "a reasonable opportunity to present "all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  The Court will convert the within motion to one for summary judgment.  The Court will permit the parties an opportunity to respond.  The parties may present to the Court any additional information they believe is material to the resolution of the converted motion for summary judgment.[1]  To the extent the parties do not wish to present additional information or the supplemented information does not impact the Court's above reasoning, the Court intends to rule consistent with the above and will issue an appropriate order at that time.

ACCORDINGLY, IT IS HEREBY on this **21st** day of **February, 2017,**

---

[1] Due to the Court's understanding of the posture of the case, the Court does not anticipate any supplementation beyond what was presented in Plaintiffs' brief in response to the in limine motion will be needed.  Discovery has concluded, summary judgment has already once been decided, and the case is more-or-less trial ready.  Nevertheless, in compliance with Federal Rule of Civil Procedure 12(d) and in an abundance of caution, the Court permits this period to the parties.

**ORDERED** that Defendant's Motion in Limine to Dismiss the Amended Complaint is converted into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), and the parties are directed to inform the Court of any additional information that should be considered at summary judgment; and it is further

**ORDERED** that the parties shall each have until **February 27, 2017** to provide additional information (or request an extension), at which point the Court will reopen and rule on the motion for summary judgment.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

Date: February 21, 2017